# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JEANETTE ELKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21-CV-690 MTS |
| ) | |
| JESSE C. WASHINGTON and ) | |
| ANGELINA M. WASHINGTON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon Plaintiff's motion for leave to proceed in this matter without prepayment of the required filing fee. Having reviewed the motion to proceed in forma pauperis and the financial information submitted in support, the Court will grant the motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1). Furthermore, after reviewing the complaint, the Court will dismiss this matter without prejudice, for failure to state a claim upon which relief may be granted.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915, the Court accepts the well-plead facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the pro se plaintiff that assumed facts that had not been pleaded).

**The Complaint**

Plaintiff Jeanette Elkins filed a civil complaint pro se in this matter "requesting the Court to look into case 18SL-PR03178." Plaintiff claims there was a "judicial bias" towards her in her state court case resulting in the loss of custody of her daughter to the daughter's paternal grandparents.

According to Plaintiff's complaint, her daughter, D.L., was placed with her paternal grandparents at the age of three (3).[1] Plaintiff claims that shortly after being placed with her grandparents, D.L. told Plaintiff that she had been sexually molested by her paternal grandfather, Jesse Washington, but that her grandmother, Angelina Washington, "fixed it" by placing cream on her butt.

---

[1] D.L.'s father consented to her placement with his parents.

Plaintiff states that she not only attempted to seek custody of her daughter, D.L., but she also sought an order of protection against Jesse Washington on D.L.'s behalf by filing two separate cases in St. Louis County Circuit Court. Plaintiff asserts that she was represented by an attorney during most of the child custody proceedings[2], and a Guardian ad Litem (GAL) was appointed to represent her daughter's best interests during the custody proceedings.

Plaintiff states that after a three-day trial on the custody issues, the court found that the allegations of sexual molestation were unsubstantiated, and that it was in D.L.'s best interest to continue residing with her paternal grandparents. Purportedly, the court considered not only D.L.'s prior three years of residency with her grandparents, but also Plaintiff's failure to have a consistent home life.

According to Plaintiff, she suffers from a mental illness and has not sought care or treatment for these issues since 2011. Plaintiff also admits that during the pendency of the state court proceedings, she was at times, homeless, moved residences several times, stayed with friends, and even gave birth to another child. Plaintiff further acknowledges that she has two additional children, from a different relationship, who reside with their paternal grandmother by matter of court order. Plaintiff states that she has little or no contact with these children. Plaintiff notes that the family court took these matters into account when deciding where to place D.L.

Despite these findings in family court, Plaintiff asserts that "the system failed her." She claims, "the whole case needs to be thrown out and tried again." Ultimately, Plaintiff seeks to have D.L. removed from the Washington's custody and returned to her.

## Discussion

The Court finds this case subject to dismissal for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983, against the Defendants. Section 1983 was designed to

---

[2]It appears that Plaintiff is asserting that her counsel withdrew before trial.

provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Nothing in the allegations indicates that private citizens defendants, Jesse Washington or Angelina Washington, are state actors for purposes of liability under § 1983. Section 1983 imposes liability on government actors acting under color of state law. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." *Id.* Here, Plaintiff does not allege the two Defendants came to any understanding with any state actor to violate Plaintiff's constitutional rights. Plaintiff alleges a conspiracy between the two Defendants themselves, but no conspiracy between them and a state actor. As a result, Plaintiff's allegations fail to state a §1983 claim against these two Defendants. *See* 28 U.S.C. § 1915(e)(2).

In addition to Plaintiff's failure to state a sufficient claim under § 1983, the Court is concerned that Plaintiff is seeking review or appeal of the state court's custody decision for D.L. This Court is not the proper venue for such relief. This Court lacks jurisdiction over cases involving child custody under the domestic relations exception to federal court jurisdiction. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586,

593–94 (1890); *see also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (citations omitted).

Generally, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *In re Burrus*, 136 U.S. at 593-94. Rather, state courts have exclusive jurisdiction over these matters. *See Ankenbrandt*, 504 U.S. at 703-04; *Firestone v. Cleveland Tr. Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) ("Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court."). Although Plaintiff has drafted her claims such that they appear to arise under the Eighth Amendment of the United States Constitution, they are either directly related to or so interwoven with state child custody proceedings that subject matter jurisdiction does not lie in this Court. Plaintiff is essentially contesting the state court custody decision regarding D.L., a decision which was allegedly supported and encouraged by defendants. To review Plaintiff's claims, this Court would have to inquire deeply into the propriety of the state court processes—a matter which falls squarely within the ambit of state law.

In addition, any review of the state court's decision would most likely violate the *Rooker-Feldman* doctrine, which applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Furthermore, this Court does not have appellate jurisdiction over the state courts. *See Postma v. First Fed. Sav. & Loan of Sioux City*, 74 F.3d 160, 162 (8th Cir. 1996).

Moreover, Plaintiff has given no indication that her claims did not receive a full and fair determination in state court, and it would appear that the state court, where the custody proceedings were held, would be better equipped to handle the issues that have arisen in the course of Plaintiff's interactions with Defendants. *See Overman v. United States*, 563 F.2d 1287, 1292 (8th Cir. 1977) ("There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. Such cases touch state law and policy in a deep and sensitive manner, and as a matter of policy and comity, these local problems should be decided in state courts.") (internal citations and quotations omitted).

For all of the foregoing reasons, this case will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis Doc. [2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2). Plaintiff's claims against defendants are **DISMISSED without prejudice**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 21st day of June, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE